# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY E. FULLER, | ) | Case No. CV 09-3407-JEM |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| Defendant. | ) | |

**PROCEEDINGS**

On May 27, 2009, Gary E. Fuller ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance ("SSDI") benefits. The Commissioner filed an Answer on October 21, 2009. On January 6, 2010, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and the case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 52 year old male who was found to have the medically determinable severe impairments of diabetes mellitus with peripheral neuropathy, HIV infection, and lumbar spine degenerative disc disease.  (AR 24.)  Plaintiff has not engaged in substantial gainful activity since January 28, 2007, the alleged onset date.  (AR 20.)

Plaintiff's claim for SSDI benefits was denied initially on October 5, 2007.  (AR 18.)  Plaintiff filed a written request for hearing (AR 18), which was held before Administrative Law Judge ("ALJ") Sally C. Reason on August 11, 2008, in Los Angeles, California.  (AR 34-50.)  Claimant appeared and testified.  (AR 18.)  Vocational expert Ronald K. Hatakeyama also appeared and testified.  (AR 18.)

The ALJ issued an unfavorable decision on August 28, 2008.  (AR 18-29.)  Plaintiff filed a Request for Review of Hearing Decision (AR 13), which the Appeals Council denied on March 31, 2009.  (AR 10-12.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues that Plaintiff raises as grounds for reversal are as follows:

1.  Whether the ALJ properly determined that Plaintiff's mental impairment was not severe.

2.  Whether the ALJ properly considered the treating psychiatrist's opinion.

3.  Whether the ALJ properly complied with SSR 96-7p regarding the type, dosage, effectiveness and side effects of medication.

4.  Whether the ALJ posed a complete hypothetical question to the vocational expert.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "'more than a mere scintilla'. . . but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402

1  U.S. 389, 401 (1971)).  Substantial evidence is "such relevant evidence as a reasonable
2  mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401
3  (internal quotations and citation omitted).

4        This Court must review the record as a whole and consider adverse as well as
5  supporting evidence.  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).
6  Where evidence is susceptible to more than one rational interpretation, the ALJ's decision
7  must be upheld.  Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999).  "However, a
8  reviewing court must consider the entire record as a whole and may not affirm simply by
9  isolating a 'specific quantum of supporting evidence.'"  Robbins, 466 F.3d at 882 (quoting
10 Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d
11 625, 630 (9th Cir. 2007).

12                          **SEQUENTIAL EVALUATION**

13       The Social Security Act defines disability as the "inability to engage in any substantial
14 gainful activity by reason of any medically determinable physical or mental impairment which
15 can be expected to result in death or . . . can be expected to last for a continuous period of
16 not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner
17 has established a five-step sequential process to determine whether a claimant is disabled.
18 20 C.F.R. §§ 404.1520, 416.920.

19       The first step is to determine whether the claimant is presently engaging in
20 substantially gainful activity.  Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  If the
21 claimant is engaging in substantial gainful activity, disability benefits will be denied.  Bowen
22 v. Yuckert, 482 U.S. 137, 140 (1987).  Second, the ALJ must determine whether the claimant
23 has a severe impairment or combination of impairments.  Parra, 481 F.3d at 746.  Third, the
24 ALJ must determine whether the impairment is listed, or equivalent to an impairment listed,
25 in Appendix I of the regulations.  Id.  If the impediment meets or equals one of the listed
26 impairments, the claimant is presumptively disabled.  Bowen v. Yuckert, 482 U.S. at 141.
27 Fourth, the ALJ must determine whether the impairment prevents the claimant from doing
28 past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).  Before

making the step four determination, the ALJ first must determine the claimant's residual

functional capacity ("RFC").[1]  20 C.F.R. § 416.920(e).  The RFC must consider all of the

claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e),

416.945(a)(2); Social Security Ruling ("SSR") 96-8p.  If the claimant cannot perform his or

her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and

must determine whether the impairment prevents the claimant from performing any other

substantial gainful activity.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

     The claimant bears the burden of proving steps one through four, consistent with the

general rule that at all times the burden is on the claimant to establish his or her entitlement

to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the

claimant, the burden shifts to the Commissioner to show that the claimant may perform other

gainful activity.  Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a

finding that a claimant is not disabled at step five, the Commissioner must provide evidence

demonstrating that other work exists in significant numbers in the national economy that the

claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R.

§ 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled

and entitled to benefits.  Id.

## THE ALJ DECISION

     The ALJ determined at step two of the sequential process that Plaintiff's depression-

related mental impairment was not severe.  (AR 22-24.)  The ALJ concluded at step three of

the sequential process that Claimant's severe physical impairments did not meet or equal a

listing.  (AR 24-25.)  Claimant's HIV infection is asymptomatic without any of the conditions

required to meet or equal a listing.  (AR 25.)

     At step four of the sequential process, the ALJ assessed Plaintiff with an RFC for

medium work not involving more than occasional fine fingering tasks, prolonged standing,

---

[1]  Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

1   more than limited pushing/pulling tasks with his lower extremities, working in extreme

2   temperature conditions, performing more than occasional balancing, stooping, crouching,

3   crawling, or stair climbing.  (AR 25.)  The ALJ discounted Plaintiff's credibility regarding his

4   subjective symptom testimony, a finding Claimant does not challenge.  (AR 27.)

5        The ALJ determined that Plaintiff could perform his past relevant work as a rental

6   company driver, both as actually and generally performed.  (AR 27-28.)  As a result, the ALJ

7   concluded that Claimant is not disabled within the meaning of the Social Security Act.  (AR

8   28.)

9                                    **DISCUSSION**

10       **A.    The ALJ Properly Determined That Plaintiff's Mental
                 Impairment Is Not Severe**

11

12       Claimant's first challenge is to the ALJ's step two determination that Plaintiff's

13  depression related mental impairment is not severe.  There is arguably a conflict in the

14  evidence, which is the ALJ's responsibility to resolve.  See Magallanes v. Bowen, 881 F.2d

    747, 750 (9th Cir. 1989) (ALJ responsible for resolving conflicts in medical testimony).  The

15  ALJ thoroughly reviewed the evidence and applied the applicable criteria for assessing the

16  severity of Plaintiff's mental impairment.  The ALJ's finding that Plaintiff's mental impairment

17  is not severe is supported by substantial evidence.

18

19       At step two of the sequential inquiry, the ALJ determines whether the claimant has a

20  medically severe impairment or combination of impairments.  Bowen v. Yuckert, 482 U.S. at

    140-41.  An impairment is not severe if it does not significantly limit the claimant's ability to

21  work.  Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996).  The ALJ, however, must

22  consider the combined effect of all the claimant's impairments on his ability to function,

23  regardless of whether each alone was sufficiently severe.  Id.  Also, the ALJ must consider

24  the claimant's subjective symptoms in determining severity.  Id.

25

26       The step two determination is a de minimis screening device to dispose of groundless

27  claims.  Bowen v. Yuckert, 482 U.S. at 153-54.  An impairment or combination of

28  impairments can be found nonsevere only if the evidence establishes a slight abnormality

that has no more than a minimal effect on an individual's ability to work.  Smolen, 80 F.2d at 1290; SSR 85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) (adopting SSR 85-28).

In this case, Plaintiff has complained of depression since at least 2006.  His complaints of depression stem largely from life stressors: job loss, death of a friend, and eviction from his apartment.  (AR 22, 23.)  He has been prescribed psychiatric medications, including Prozac, Lexapro, Fluoxetine, Lamictal, Trazadone, and Bupropion.  (AR 22, 38, 132, 160, 416.)

The diagnoses of various treating, examining and consulting physicians conflict somewhat, and vary over time as the severity of Plaintiff's condition varied.  Dr. Krasnow, in a July 11, 2006, initial evaluation, diagnosed "Major depression - Single - Moderate to Severe," but also observed no evidence of psychosis and no suicidal/homicidal/violence potential or suicidal ideation.  (AR 294-95.)  By May 31, 2007, Dr. Krasnow's diagnosis had changed to "somewhat depressed."  (AR 289.)  The Los Angeles County Department of Mental Health assessed Plaintiff with "Bipolar I Disorder - Depressed."  (AR 303-28.)  Neither Dr. Krasnow nor the County provided a mental RFC assessment.

Dr. Goldsmith, a Board Certified consulting psychiatrist, submitted a complete psychiatric evaluation dated September 14, 2007.  (AR 339-344.)  Dr. Goldsmith indicated Plaintiff "does not describe impairment on a strictly psychiatric basis that would interfere with returning to the workplace."  (AR 343.)  Dr. Goldsmith viewed the bipolar disorder diagnosis as "uncertain" and diagnosed mood disorder and polydrug abuse in remission.  (AR 343.)  He observed that Plaintiff had not been candid about his extensive drug abuse.  (AR 339-40.)  He also noted that Plaintiff was not suicidal and there was no paranoia.  (AR 342.)  Although granting that Claimant has had periods of significant depression, Dr. Goldsmith observed that these occurred while he was working.  (AR 343.)

A state agency physician report dated September 26, 2007, also adopted the mood disorder diagnosis and addressed the four broad functional areas for evaluating the severity

of mental disorders in Section 12.00C of the Listing of Impairments (20 C.F.R., Part 404, Subpart P, Appendix I), also known as the Paragraph B criteria.  (AR 351-61.)  He found that Plaintiff had but mild limitations as to three of the Paragraph B functional categories — restriction of activities of daily living, difficulties in maintaining social functioning and in maintaining concentration, persistence and pace, and in the fourth category, no episodes of decompensation.  (AR 359.)

Based on the above medical evidence, the ALJ concluded that, because Claimant's depression causes no more than "mild" limitations in three of the Paragraph B categories and none in the fourth, it is not severe as per 20 C.F.R. 404.1520 a(d)(1).  (AR 24.)  The ALJ found that Claimant has "no more than, at most, a slight depression-related impairment which medical evidence establishes as having no more than, at most, a minimal effect on his ability to perform basic work related activities."  (AR 24.)  The ALJ determined that Claimant does not have a severe mental impairment.  (AR 24.)

The ALJ's non-severity determination is supported by substantial evidence.  The ALJ's Paragraph B findings are based on medical evidence.  Claimant has had no psychosis, paranoia, suicidal ideations, inpatient psychiatric hospitalizations, or ongoing psychotherapy.  (AR 23.)  Claimant was able to work during depressive episodes.  (AR 343.)  No treating, examining or consulting physician found Claimant unable to work because of his mental impairment.  (AR 27.)  Also, Claimant does not challenge the ALJ's adverse credibility finding.  The ALJ did not err in her determination that Plaintiff's mental impairment was not severe.

**B.      The ALJ Properly Considered The Treating Psychiatrist's Opinion**

Claimant asserts that the ALJ failed to consider or implicitly rejected Dr. Krasnow's opinion regarding the severity of her depression.  Specifically, Claimant notes that Dr. Krasnow diagnosed him with major depression and assessed her with a Global Assessment of Functioning ("GAF") score of 50.  (AR 295.)  The ALJ may not reject a treating physician's

1   opinion, even if contradicted, without "specific and legitimate reasons" supported by

2   substantial evidence in the record.  Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).

3        Claimant's assertion that the ALJ failed to consider Dr. Krasnow's opinion is without

4   merit.  First, Dr. Krasnow's major depression diagnosis was an initial assessment (AR 294-

5   95) that subsequently gave way to a diagnosis of "somewhat depressed."  (AR 289.)

6   Second, the ALJ did consider Dr. Krasnow's opinion.  The ALJ specifically noted that

7   Claimant was treated for depression at Tarzana Treatment Center where Dr. Krasnow

8   worked.  (AR 22, 258-95.)  The fact that the ALJ did not cite Dr. Krasnow by name does not

9   mean that Dr. Krasnow's opinion was not considered.  Black v. Apfel, 143 F.3d 383, 386 (8th

10  Cir. 2003) (failure to cite specific evidence does not mean evidence was not considered);

11  Rogers v. Astrue, 2010 WL 3749286, *7 (C.D. Cal. 2010) (failure to discuss every piece of

12  cumulative symptom evidence does not indicate it was not considered).

13        Third, the ALJ is not required to discuss every piece of evidence in the record,

14  particularly evidence that is cumulative.  Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006,

15  1012 (9th Cir. 2003); Jiminez v. Astrue, 2010 WL 3749595, *8 (C.D. Cal. 2010).  Dr.

16  Krasnow's modified opinion did not vary that much from the other physicians' diagnoses.  He

17  did not prepare a mental RFC and did not suggest that Claimant was disabled and could not

18  work.  The ALJ's review of the evidence was thorough and fair and encompassed a mental

19  RFC that addressed the Paragraph B criteria that Claimant never mentions.  (AR 24, 351-

20  64.)

21        Fourth, Claimant asserts that the ALJ failed to address Dr. Krasnow's assessed GAF

22  score of 50, which reflects serious impairments in functioning.  American Psychiatric

23  Association, Diagnostic and Statistical Manual of Mental Disorders ("DSM IV") (4th Ed. 2000)

24  at 32.  GAF scores, however, are not dispositive in social security cases.  Trinchere v.

25  Astrue, 2008 WL 439583, *6 (C.D. Cal. 2008); see 65 Fed. Reg. 50746, 50765 (Aug. 21,

26  2006) (GAF scores not directly correlative to Social Security severity assessments).  GAF

27  scores are intended to plan treatment and measure its impact.  Trinchere, 2008 WL 439583

28

at *6.  Failure to measure a GAF score does not by itself make the ALJ's severity or RFC assessment inaccurate.  Howard v. Comm'r of Social Security, 276 F.3d 235, 241 (6th Cir. 2002) ("While a GAF score may be of considerable help to the ALJ in formulating the RFC, it is not essential to the RFC's accuracy.  Thus, the ALJ's failure to directly reference the GAF score in the RFC, standing alone, does not make the RFC inaccurate"); Sanchez v. Astrue, 2010 WL 330243, *3 (C.D. Cal. 2010) (ALJ not required to give GAF score controlling weight); Baker v. Astrue, 2009 WL 279085, *3-*4 (C.D. Cal. 2009) (GAF score may guide ALJ's determination but ALJ not bound to consider it); Trinchere, 2008 WL 439583, *6 (failure to reference GAF scores does not by itself make ALJ's assessment inaccurate).

As already noted, the ALJ is not required to discuss every piece of evidence in the record.  Howard, 341 F.3d at 1012.  The ALJ relied heavily on Dr. Goldsmith's evaluation which assigned Plaintiff a GAF score of 60 (AR 343), and on the mental RFC of a state agency reviewing physician who found Plaintiff's symptoms did not satisfy the Paragraph B criteria.  (AR 351-64.)  The ALJ discounted Plaintiff's credibility which Plaintiff does not challenge.  No physician, including Dr. Krasnow, opined that Claimant's mental impairments rendered him unable to work.  (AR 27.)  Dr. Krasnow assessed Claimant with a GAF score of 50 at his initial assessment when he diagnosed major depression (AR 294-95), but later downgraded his diagnosis to "somewhat depressed."  (AR 289.)

The ALJ did not fail to consider Dr. Krasnow's opinion and, to the extent the ALJ implicitly rejected Dr. Krasnow's opinion, she did so for specific and legitimate reasons supported by substantial evidence.  The ALJ's severity assessment and RFC are supported by substantial evidence.  Discussion of the GAF score would not have changed the outcome on those issues.

### C.   The ALJ Properly Assessed The Side Effects Of Plaintiff's Medications

Claimant next asserts that the ALJ failed to consider the impact of Plaintiff's medication side effects on his ability to work.  Specifically, Claimant alleges that certain of his medications make him drowsy and interfere with his ability to work.  This argument has no

1    merit.  The ALJ did not fail to evaluate the side effects of Plaintiff's medications.  The ALJ

2    specifically found that there was no evidence in the medical record of any significant side

3    effects.  (AR 27.)

4         An ALJ should consider all factors that might have a significant impact on an

5    individual's ability to work, including side effects of medications.  SSR 96-7p; Erickson v.

6    Shalala, 9 F.3d 813, 817-18 (9th Cir. 1993) (citing Varney v. Secretary of the HHS, 846 F.2d

7    581, 585 (9th Cir. 1987) (superseded by statute on other grounds), Bunnell v. Sullivan 912

8    F.2d 1149, 1153 (9th Cir. 1990).  Under Varney, an ALJ may not reject a claimant's

9    testimony about the subjective limitations of medication side effects without making specific

10   findings similar to those required for excess pain testimony.  Varney, 846 F.2d at 585.

11        Thus, just as subjective complaints of pain can be disregarded if unsupported by

12   clinical findings, Howard v. Heckler, 782 F.2d 1484, 1488 (9th Cir. 1986), cases in this Circuit

13   have found that alleged medication side effects can be disregarded if unsupported by

14   medical findings.  Gallegos v. Astrue, 2010 WL 330242, *2-*3 (C.D. Cal. 2010) (complaints of

15   medication side effects may be ignored if unsupported by objective medical evidence

16   particularly where credibility has been rejected); Mitchell v. Astrue, 2008 WL 4793678, *4-*5

17   (C.D. Cal. 2008) (failure to discuss side effects unsupported by objective findings).

18        Medication side effects, moreover, must be severe enough to interfere with the ability

19   to work.  Osenbrock v. Apfel, 240 F.3d 1157, 1164 (9th Cir. 2001) ("there were passing

20   mentions of the side effects of Mr. Osenbrock's medication in some of the medical records,

21   but there was no evidence of side effects severe enough to interfere with Osenbrock's ability

22   to work"); Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985) (no clinical evidence that

23   narcotic medications impaired ability to work).  Additionally, an ALJ can discount credibility

24   based on the failure to tell physicians of side effects, Eicholtz v. Astrue, 2008 WL 4642976,

25   *3 (C.D. Cal. 2008), and the failure to allege that they interfere with a claimant's ability to

26   work.  Smith v. Astrue, 2009 WL 2973108, *4 (C.D. Cal. 2009) (no error in not addressing

27   side effects where no claim of inability to work because of them); Maguire v. Astrue, 2008

28   WL 4793668,  *2 (C.D. Cal. 2008) (no error in not addressing side effects where claimant did

1  not allege side effects interfered with ability to work and there is no indication in medical

2  records that they did); <u>Osenbrock</u>, <u>Maguire</u>, and <u>Mitchell</u> were all cases holding that

3  drowsiness from medications was not significant enough to interfere with the ability to work.

4       In this case, there is but passing mention of side effects.  Claimant submitted a

5  Disability Report that alleged that various medications for his physical and mental

6  impairments caused drowsiness.  (AR 160.)  There is no evidence, however, that Plaintiff

7  ever told any physician about any medication side effects.  No physician, including

8  Dr. Krasnow, ever made any finding or noted any medication side effects, or suggested that

9  Plaintiff's medication side effects prevented him from working.  The ALJ specifically found

10 that there is no medical evidence of any medication side effects.  (AR 27.)  Plaintiff,

11 moreover, never alleged that medication side effects impair his ability to work.  The ALJ, it

12 must be added, also has discounted Plaintiff's credibility.  (AR 27.)

13      The ALJ properly assessed the side effects of Plaintiff's medications.

14      **D.    The ALJ's Hypothetical Question To The**
              **Vocational Expert Was Complete**

15

16      Claimant's final argument is that the ALJ's hypothetical question to the vocational

17 expert ("VE") did not contain all of Claimant's limitations.  Specifically, Claimant alleges that

18 the ALJ failed to include in his hypothetical to the VE either Plaintiff's reports of drowsiness

19 due to medications and Dr. Krasnow's GAF score of 50.  Plaintiff's contention has no merit

20 for reasons already discussed.  The Claimant's hypothetical properly included all the

21 limitations of his RFC and only those limitations.  (AR 49.)

22       The ALJ must propose a hypothetical to the VE that is based on all of a claimant's

23 limitations.  <u>Osenbrock</u>, 240 F.3d at 1163.  The ALJ, however, is not required to accept

24 restrictions that are not supported by substantial evidence.  <u>Id.</u> at 1164-65; <u>Greger v.</u>

25 <u>Barnhart</u>, 464 F.3d 968, 973 (9th Cir. 2006); <u>Magallanes</u>, 881 F.2d at 756-57.

26      As already determined, the ALJ found that there was no medical evidence of any

27 medication side effects.  Nor was there any medical evidence that medication side effects

28 interfered with Claimant's ability to work, which was never even alleged.  Nor did Plaintiff

1  ever tell his physicians of any side effects.  Just as in <u>Osenbrock</u>, there was no error in not

2  including medication side effects in the ALJ's hypothetical question to the VE.

3        Nor did the ALJ err by not including Dr. Krasnow's GAF score of 50 in the ALJ's

4  hypothetical question to the VE.  As previously determined, Plaintiff's mental impairment is

5  not severe (AR 22-24), and no physician suggested that Plaintiff's mental impairment

6  rendered him unable to work.  (AR 27.)  The ALJ was not required to consider GAF scores.

7  <u>See</u> <u>Sanchez</u>, <u>Baker</u>, <u>Trinchere</u>, <u>supra</u>.  There was no error in failing to include Dr.

8  Krasnow's GAF score in the ALJ's RFC or in her hypothetical question to the VE.

9  **ORDER**

10        IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is

11  affirmed and that this case is dismissed with prejudice .

12        LET JUDGMENT BE ENTERED ACCORDINGLY.

13

14  DATED: <u>December 6, 2010</u>           <u>     */s/ John E. McDermott*     </u>

15                          JOHN E. MCDERMOTT
                  UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28